IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CAROL KOHN, mother and legal guardian of SGT; and ESTATE OF SGT,<br><br>      Plaintiffs,<br><br>      v.<br><br>CAMDEN COUNTY SCHOOL DISTRICT, et al.,<br><br>      Defendants. | CIVIL ACTION NO.: 2:21-cv-108 |

## PROTECTIVE ORDER

This matter is before the Court on the parties' Rule 26(f) Report in which they move the Court to enter a Protective Order. Doc. 26. Having fully considered the parties' request and for good cause shown, the Court **GRANTS** the Motion, subject to the following modifications:

(1)    The Court and its authorized personnel are not parties to the agreement and are not bound by its terms;

(2)    Nothing in this Protective Order shall be construed as relieving any party from the obligation imposed by Local Rule 79.7 to file a motion seeking the sealing of confidential documents; and

(3)    Nothing in this Protective Order shall be construed as limiting the Court's discretion to determine whether evidence should be protected from public disclosure in contravention of the strong presumption in favor of access to court records.

It is further **ORDERED**:

**I.      CONFIDENTIALITY ORDER**

Any designation of a document, material, or information (whether written, graphic, or electronic) as being a "Confidential Document" subject to this Protective Order is intended solely to facilitate prompt discovery and the preparation for trial in the above-referenced litigation.  It does not create any privilege and is subject to further order of the Court.

**II.     SCOPE OF ORDER**

This Protective Order shall govern all hard copy and electronic materials, the information contained therein, and all other information, including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response, or otherwise, produced by any party to this proceeding (the "Supplying Party") to any other party (the "Receiving Party").  This Protective Order is binding upon all parties and their counsel, including their respective affiliates, experts, consultants, representatives, employees, and others as set forth in this Protective Order.

A.     Third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Supplying Party for the purposes of this Protective Order.  Counsel shall make all requests to non-parties as required by the procedures set forth in the Federal Rules of Civil Procedure.  If a party provides the document to a third party for case preparation purposes, such party shall inform that person of the terms and obligations of this Order.

B.     The entry of this Protective Order does not preclude any party from seeking a further order of this Court.

C.     This Protective Order shall not be construed to allow for global designations of all

documents as "Confidential Documents," or for the designation of documents generally available to the public as "Confidential Documents," nor documents that are otherwise available to the other party. Rather, in designating a document as a "Confidential Document," the Supplying Party shall do so in good faith based on the contents of the document or material at issue, and consistent with the provisions of this Order and rulings of the Court.

D. A party may designate documents as "Confidential Documents" in order to allow and permit the production of such materials to the other party.

E. Production under this Order is not a waiver of any existing rights of confidentiality or privilege as to the documents, which shall retain such rights as to any other requests and all third parties unless such persons receive the documents under this Order and subject to its conditions.

### III.  PRODUCTION FOR DISCOVERY PURPOSES

**A.  Authorization to Produce Employment Records**

Under O.C.G.A. § 20-2-210 and the Family Medical Leave Act or other provisions of law which pertain to teachers or school employees and their personnel records, including records pertaining to evaluations, instructions, investigations and discipline, the employment records of the parties and any current or prior employee of Defendants relevant to the above-styled civil action are hereby authorized to be produced upon written request by counsel for the parties or the existing discovery. Any such employment and personnel records shall be designated as "Confidential Documents" and be subject to the provisions of this Order.

**B.  Authorization to Produce Records of Students**

Because the release of student records and information is governed by the Family Educational Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232g(b)(2)(B), and the

3

parties through their counsel having moved for a protective order, the Court having carefully considered the same and finding it to meet the purposes of FERPA and other privacy concerns implicated by disclosure of student information, hereby issues the following orders governing the production of records and information pertaining to current and former students:

1. Upon determining records and information pertaining to current or former students have been sought in discovery, counsel for the Camden County School District ("School District") shall mail or email a copy of this Order to those students whose records and information are requested, accompanied by a letter providing notice that their student records and information have been sought in discovery in this matter.

2. If students or parents receiving this Order have an objection to production of the information and documents sought in Plaintiffs' discovery requests, they must send a written objection to this Court within 14 days from the date of the School District's letter or email and send, whether by U.S. Mail or electronic mail, a copy to the School District's counsel.

3. The School District shall release the information or documents sought in the Plaintiffs' requests, except as to the students on whose behalf objections have been sent to this Court, within 14 days after the deadline for objection. If objections are submitted on behalf of any student, the Court will address objections in due course, likely via written order after giving the parties an opportunity to respond to the objections in writing. If necessary, the Court will schedule a hearing to address objections at a later date.

    4.    All students' educational records and information produced shall be designated as "Confidential Documents" and be subject to the provisions of this Order. These documents may be used in discovery and do not need to have redacted names or identifiers for this initial production. Such versions of the documents may not be filed, and the parties shall keep such documents otherwise private and confidential. Any further use of the documents can be only under the Local Rules and consistent with the Court's rules of redaction and shall be filed as protected and confidential documents under seal.

**C.    Medical and Mental Health Records**

All medical and mental health, including but not limited to psychiatric records shall be designated as "Confidential Documents" and be subject to the provisions of this Order.

**D.    Treatment of Confidential Documents and Confidential Information**

No person receiving any designated "Confidential Document" or "Confidential Information" shall reveal the information to or discuss that information with any person who is not also entitled to receive that information under the terms of this Order. All third persons shall be shown a duly executed copy of this Order and shall agree to abide by the terms of this Order. Plaintiffs' attorneys shall review the "confidential" information that Defendant has agreed to produce as required by this Order. If Plaintiffs' attorneys determine there are documents, forms, or information which are potentially relevant to Plaintiffs' litigation and which Plaintiffs' attorneys need to disclose to Plaintiffs in order to assist them in the prosecution of Plaintiffs' case, Plaintiffs' attorneys shall disclose those documents to Plaintiffs on the condition that Plaintiffs agree they will at all times maintain the confidentiality of this information and will not

disclose in any manner whatsoever either the documents themselves, copies thereof, or the contents of any confidential information to anyone other than their attorneys or a member of their attorneys' staff.  This prohibition specifically includes, but is not limited to, disclosure by Plaintiffs of such confidential documents to members of their family or other employees of the School District.

All counsel shall keep all Confidential Documents received under this Order, including all copies of such materials, and all summaries, extracts, and compilations thereof, within their exclusive possession and control, except as provided above and shall take reasonable steps to maintain such material in a secure manner.  Except as permitted herein, no person shall have access to the forgoing material and information unless they have some other legal or authorized right of access.  Furthermore, to the extent practicable, any "Confidential Documents" shall not be filed or maintained independently by the parties to whom production is made and counsel shall take such steps as reasonably necessary to maintain the confidential nature of the documents they receive.

Any person having access to material information designated "Confidential Documents" under this Order, including consultants, investigators, and experts, are permitted to make copies, extracts, summaries, or descriptions of the material or information or any portion thereof as necessary for the preparation and trial of this litigation, provided however that such copies, extracts, summaries, or descriptions will themselves be treated and disclosed only as required by the terms of this Protective Order.

The parties are permitted to use the documents in discovery and depositions and may identify the documents or ask questions concerning such documents.  Any such deposition may be designated as a "Confidential Document," and thereafter, such sections of the deposition, or

the documents attached thereto which carry such designation, shall be treated as a confidential document under this agreement.

IV.     **FINAL DISPOSITION OF LITIGATION**

Within 60 days of final termination of this action, whether by judgment, settlement, or otherwise, upon written request from counsel for the Supplying Party, counsel for all parties shall return to counsel for the Supplying Party all materials and all copies thereof in their possession that were designated by Supplying Party as "Confidential Documents" in accordance with this Order or, in the alternative, shall provide a written statement to counsel for the Supplying Party that all copies of such materials in their possession, including copies upon which any notes have been made, have been destroyed.

V.      **MODIFICATIONS**

A.      Any party for good cause shown may apply to the Court for modification of this Protective Order or for waiver of the restrictions as to a specific document or set of documents.

B.      The parties shall file a proposed amended order with the pretrial order addressing the management and use of such documents at trial.

VI.     **USING PROTECTED EVIDENCE IN MOTIONS, HEARINGS, OR TRIALS**

This Order shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure, including, but not limited to, removal from the hearing location of persons not authorized by this Order.

Any documents (including briefs), tangible things or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by

7

compliance with the Court's Procedures for Electronic Filing Under Seal in Civil Cases. Specifically, if a party seeks to use information designated as Confidential under this Protective Order in filings before the Court, it is the burden of the designating party to show "good cause" to the Court why the Confidential Information should be filed under seal. The Court will closely scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record.

**SO ORDERED**, this 25th day of April, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA