UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CAROL KOHN, Mother and legal guardian of SGT, Minor and ESTATE OF SGT <br><br> Plaintiffs, <br><br> v. <br><br> CAMDEN COUNTY SCHOOL DISTRICT, DANIEL BURNS, in his Individual Capacity and GAIL DUGGER, in her Individual Capacity and KATHRYN JACKSON, in her Individual Capacity <br><br> Defendants. | CIVIL ACTION FILE <br> NO. 2:21-CV-00108-LGW-BWC |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE THE McELROY AFFIDAVIT**

Despite creating a moving target with regard to Plaintiff's claims and factual allegations, and simply failing to ask deponents about information she later desired to address, Plaintiff seeks to omit evidence of actions taken by the School District at the crux of her claims under the ADA and Section 504. However, as discussed below, the circumstances are not as simple as Plaintiff otherwise contends, and striking the affidavit is not an appropriate remedy.

At issue is an affidavit of Hamilton McElroy, a teacher at St. Marys Middle School in the Defendant School District. The evidence shown in the affidavit is fairly limited. It states that in November 2019, Defendant Burns talked to Mr. McElroy about transferring Sebastian to his class from gym class due to a bullying situation, and that Sebastian was transferred to his class and attended each day for approximately 2-3 weeks. [Hamilton Aff ¶ 2, Doc #80-4] The

1

affidavit also stated that the transfer was not immediately entered into PowerSchool, the school's student information system, and that is was not uncommon for students to be transferred into a class but not update the new schedule in PowerSchool for some time after the transfer occurred. [Hamilton Aff ¶ 3]

Much of the evidence in the McElroy affidavit is duplicative of evidence in the affidavit of Defendant Burns in support of Defendant's Motion for Summary Judgment.  Defendant Burns testified in his affidavit that after a discussion with Plaintiff on November 6, 2019 about what class to move Sebastian to from his gym class, Sebastian was transferred out of his gym class and to the Business and Computer Science class taught by Mr. McElroy. [Burns Aff ¶ 9, Doc. # 80-3]  Defendant Burns also testified in his affidavit that the transfer was not updated in PowerSchool at the time, and it was a frequent practice to immediately move transferred students to the new class and enter the transfer in PowerSchool at a later date.  [Burns Aff ¶ 10].

While the facts shown on these affidavits appear fairly innocuous, it is now apparent that Plaintiff contends that Sebastian was never transferred out of his gym class, despite such an important contention not being pursued by Plaintiff during fact discovery.  Plaintiff's original Amended Complaint alleged that on October 28, 2019, Plaintiff contacted the school and reported bullying incidents occurring in gym class and asked that Sebastian be removed from the gym class.  [Amended Complaint ¶ 31, Doc #14].  Regarding the school's response to that communication, Plaintiff alleged that "[t]here is no **documentary evidence** that CCSD did anything in response to Plaintiff's requests **until a week later** and a parent-teacher conference was held."  [Amended Complaint ¶ 32] (emphasis added).

This allegation is entirely consistent with the evidence contained in the affidavits from both Defendant Burns and Mr. McElroy.  There is no documentary evidence of the transfer

2

because, as Defendant Burns testified, Sebastian took his own life before the transfer was entered into PowerSchool and it is therefore not reflected in his school records. [Burns Aff ¶ 10]. And Defendant Burns immediately transferred Sebastian out of the gym class after meeting with Plaintiff on November 6, 2019 – approximately one week after Plaintiff had raised her concerns on October 28, 2019.

When Defendant Burns was deposed, he was not asked any questions at all about Sebastian's transfer out of gym class. The transfer was only mentioned by Defendant Burns after being asked if he had any memories of Sebastian or had any memories of the conversation he had at a meeting with Sebastian following the report of mistreatment in gym class. [Burns Depo. p. 23, 48, Doc. # 80-8]. In response, Defendant Burns mentioned telling an administrator that he would like to get Sebastian out of the gym class and taking with either Sebastian or Plaintiff about what class he would like to move to. [Burns Depo pp. 23, 48-9]. Defendant Burns was never asked whether Sebastian was actually moved, challenged as to whether the move occurred, or asked any questions about the move not being reflected in PowerSchool.[1] And as noted above, this lack of questioning over this topic was entirely consistent with the facts in the affidavits and the allegations in the Amended Complaint.

It only potentially appeared that Plaintiff was asserting that no transfer actually occurred during the deposition of Plaintiff's Expert Dr. John Doherty on September 15, 2023, approximately 6 weeks before Defendants' Motion for Summary Judgment was due. Dr. Doherty testified that part of the basis of his opinion was that "[Sebastian] does not get

---

[1] Throughout discovery, Plaintiff's clear focus was on her claims that a more thorough investigation should have occurred, or attempting to demonstrate that a lack of investigation was unreasonable, and did not focus in any way on a claim that Sebastian wasn't actually moved out of his gym class.

transferred" and "he was **never** transferred as I said out of PE." [Doherty Depo. p 39] (emphasis added). At that time, school officials were unsure of what class Sebastian was transferred into, as the lack of update to PowerSchool potentially lost that information to time. Initially, Defendant Burns thought that he had moved Sebastian into a teacher's classroom who had since left the District and had moved out of the area. However, on Friday, October 27, 2023 Defendant Burns was able to determine that Sebastian had actually been moved into Mr. McElroy's class, and that Mr. McElroy succinctly remembered Sebastian being in his class for approximately 2-3 weeks prior to his suicide. Defendants were able to obtain the affidavit in question from Mr. McElroy in time to submit it in support of their Motion for Summary Judgement filed on November 3, 2023.

Even though the identity of this witness was not even known to Defendants until the 11th hour, and a disclosure of Mr. McElroy's identity separate from Defendant's Motion for Summary Judgment would be redundant, Plaintiff seeks to exclude the affidavit under Rule 37(c)(1) for failing to disclose a witness. That rule provides, in part, that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, **unless the failure was substantially justified or is harmless**." (emphasis added). "Courts routinely consider five factors when determining whether an insufficient disclosure is harmless:

(1) the surprise to the party against whom the evidence would be offered;

(2) the ability of that party to cure the surprise;

(3) the extent to which allowing the evidence would disrupt the trial;

(4) the importance of the evidence; and

(5) the nondisclosing party's explanation for its failure to disclose the evidence." *Hackler v. Gen. Motors LLC*, 2022 WL 16951664, at *3 (S.D. Ga. Nov. 15, 2022).

Given the circumstances outlined above, the late disclosure of Mr. McElroy's identity by Defendants was substantially justified or harmless. Not only was Sebastian's transfer out of gym class consistent with Plaintiff's allegations throughout fact discovery, Defendants did not learn of Mr. McElroy's identity until 7 days before it was disclosed in Defendant's Motion for Summary Judgment. For most of that time, it did not seem that Plaintiff even contended that no transfer ever actually occurred, and even when it seemed possible, Defendants initially assumed another former teacher who was no longer in the District would have been the witness.

While the fact that Sebastian was transferred out of gym class in response to the allegations of mistreatment is very important to the case, Defendant Burns' knowledge and testimony is largely duplicative to that of Mr. McElroy. And Plaintiff had ample opportunity to inquire about the transfer in Defendant Burns' deposition, but chose not to pursue those facts. Thus, while Plaintiff may claim to be surprised by the identification of Mr. McElroy, any claimed surprise of the facts themselves is of Plaintiff's own doing by failing to ask Defendant Burns (or any other witness) about whether or not Sebastian was actually moved out of gym. Thus, the "surprise" to Plaintiff does not weigh in favor of exclusion.

Finally, Defendants have explained its reasons for failing to disclose the evidence sooner. Throughout fact discovery, it did not appear that Plaintiff even alleged that Sebastian was not, in fact, moved out of gym, and there was no effort to broach that subject with any fact witnesses. Once Plaintiff's expert appeared to contend that his opinion was based on a failure to ever move Sebastian out of gym class, the testimony in Defendant Burns affidavit itself clarifies that issue. Only at that time did Defendants have a reason to seek to locate any witness to corroborate

5

Defendant Burns' testimony.  Once Mr. McElroy's identity was learned, it was disclosed within days.  Under all the circumstances, Mr. McElroy's affidavit should not be excluded because the failure to disclose was substantially justified or harmless.

However, even if that were not the case, "Rule 37 gives a trial court discretion to decide how best to respond to a litigant's failure to make a required disclosure under Rule 26." *Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 593 (11th Cir. 2019) *See* Fed. R. Civ. P. 37(c)(1) (stating that "[i]n addition to or instead of [the] sanction [of exclusion]" the court may: (1) order payment of the expenses caused by the failure, (2) "inform the jury of the party's failure," and (3) "impose other appropriate sanctions").  Given the circumstances, if any sanction at all is warranted, this Court should use its discretion to impose an "appropriate sanction" other than striking Mr. McElroy's affidavit.  As Plaintiff claims that the harm in the failure to disclose is being in "the unenviable position of having to respond to testimony which it had no opportunity to cross-examine," an appropriate sanction would be to allow Plaintiff to depose Mr. McElroy and supplement her opposition to Summary Judgment following that opportunity for cross examination.  [Plaintiff's Brief, Doc #88, at p. 5] The Court could additionally order Defendants to pay for the costs of that deposition as an appropriate sanction.  But it would be a completely unjust sanction to totally exclude straightforward evidence of a witness who has information on an issue not clearly raised by Plaintiff during fact discovery and whom Defendants were only able to identify days before disclosing that identity to Plaintiff.

Therefore, the Court should deny Plaintiff's Motion to Strike The McElroy Affidavit or, alternatively, impose a far less drastic and more appropriate sanction.

This 5th day of January, 2024.

                                                  **PEREIRA, KIRBY, KINSINGER & NGUYEN, LLP**

                                                  */s/ Brian Smith*
                                                  Brian Smith
                                                  Georgia Bar No.: 001306

                                                  **ATTORNEY FOR DEFENDANTS**

210 Washington St. N.W., Suite 203
Gainesville, Georgia 30501
Phone: (770) 534-7341
Fax: (770) 532-0399
E-mail: bsmith@pkknlaw.com

## CERTIFICATE OF SERVICE

      I certify that on January 5, 2024, I electronically filed *DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE THE McELROY AFFIDAVIT* with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the attorney(s) of record.

                                                  **PEREIRA, KIRBY, KINSINGER & NGUYEN, LLP**

                                                  */s/ Brian Smith*
                                                  Brian Smith
                                                  Georgia Bar No.: 001306

                                                  **ATTORNEY FOR DEFENDANTS**

210 Washington St. N.W., Suite 203
Gainesville, Georgia 30501
Phone: (770) 534-7341
Fax: (770) 532-0399
E-mail: bsmith@pkknlaw.com