IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CAROL KOHN, and ESTATE OF SGT, <br><br> Plaintiffs, <br><br> v. <br><br> CAMDEN COUNTY SCHOOL DISTRICT, et al., <br><br> Defendants. | CIVIL ACTION NO.: 2:21-cv-108 |

**O R D E R**

Defendants filed a Motion for Reconsideration.  Doc. 141.  Defendants seek to have the Court reconsider its Order denying their motion for extension of time to file motions.  Id.; see Doc. 139.  Plaintiffs filed a Response in opposition asking the Court to not allow Defendants to file their motion for summary judgment.  Doc. 142.  For the following reasons, the Court **GRANTS** Defendants' Motion for Reconsideration.  The Court **ORDERS** Defendants to file their motion for summary judgment within 24 hours of this Order if Defendants elect to do so.  Any forthcoming motion for summary judgment shall conform to the proposed motion attached to Defendants' Motion for Reconsideration.

Plaintiffs disclosed an affidavit from a new witness, Joshua Bass, on October 29, 2024.  Doc. 139 at 1.  Defendants filed a motion seeking an extension to the November 8, 2024 civil motions deadline to allow them to file a motion for summary judgment or to strike the new witness's affidavit, arguing the Bass affidavit caught them off guard.  Doc. 132.  The Court determined Defendants had not demonstrated a need for an extension or for striking the Bass affidavit and denied Defendants' motion.  Doc. 139.  Defendants now ask for reconsideration of

that ruling, adding more detail to their reasons for not filing their motion for summary judgment within the allowed timeframe and asking only for permission to file a motion for summary judgment (which is attached to the Motion for Reconsideration).  Doc. 141.

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond County, No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted).  "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted).  Typically, a motion for reconsideration of an order will only be granted based on "newly[]discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)).  "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument[,] or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

Defendants offer various explanations for their failure to file a motion for summary judgment by the deadline and for their eleventh-hour request for more time to do so.  Defendants explain they did not have an opportunity to read Plaintiffs' email with the new affidavit until the morning of October 30, 2024. Id. at 1.  Between October 29 through November 2, 2024, Defendants' counsel had to care for his wife for an ongoing illness and upcoming surgery. Id. at 2. Additionally, Defendants' counsel had to conduct multiple presentations at the Georgia Association of Pupil Transportation's mid-year conference on November 6 and 7, 2024. Id. Thus, Defendants' counsel contends he was unable to spend much time considering the Bass

affidavit and how it would impact Defendants' forthcoming motion for summary judgment.

Defendants also offer explanations for why they asked for more time at the last minute rather than filing the motion for summary judgment by the deadline. Defendants' counsel states he was prepared to file Defendants' motion for summary judgment by the November 8, 2024 deadline until he received the new affidavit on October 29, 2024. Id. He then spent time investigating the identity of the witness, Mr. Joshua Bass, and working with his clients to obtain Mr. Bass's class schedules from the pertinent school year. Id. at 2–3. Defendants' counsel filed the motion for extension after his investigation revealed some concerns about the accuracy of Mr. Bass's affidavit. Id. Defendants' counsel states he was concerned about arguing it is an undisputed material fact that SGT was transferred out of his gym class, when he had just learned Mr. Bass stated in the affidavit that SGT was not actually transferred. Id. at 4. Defendants' counsel was concerned about the possibility of Rule 11 sanctions for asserting the transfer was an "undisputed" material fact when counsel knew Plaintiffs' new affidavit directly disputed the fact. Id. Defendants acknowledge that filing the motion for summary judgment by the deadline may have been the better option, but Defendants' counsel was focused on the possibility of sanctions and elected to seek more time. Id. Defendants' counsel maintains his course of action was taken in good faith.

Plaintiffs argue they would be prejudiced if the Court allows Defendants to file their motion for summary judgment at this point. Doc. 142. Plaintiffs argue they faced similar circumstances in responding to an earlier motion for summary judgment but were able to meet the Court-imposed deadlines. Earlier in the case, Defendants moved for summary judgment and relied on an affidavit from a witness who had not been previously disclosed. Plaintiffs filed a timely response to the motion for summary judgment and filed a motion to strike the new

affidavit, which was granted.  Plaintiffs explain they did not want to gamble with the Court's deadlines in those circumstances.  Plaintiffs argue they followed the rules and Defendants should have also followed the rules when dealing with the Bass affidavit.  Plaintiffs argue Defendants accepted the risk of missing an opportunity to file a motion for summary judgment by missing the deadline and their current regret about taking that risk does not warrant reconsideration.  Plaintiffs also argue Defendants' personal and professional obligations do not alleviate their obligations to meet Court deadlines.  <u>Id.</u> at 3.  Additionally, Plaintiffs argue Defendants did not offer these factual explanations in their initial motion, nor did they communicate with Plaintiffs' counsel about these obligations, so these arguments should be waived.  <u>Id.</u>

       Having fully considered the record and the unique circumstances before the Court, I reconsider my prior ruling.  I will allow Defendants to file their motion for summary judgment.  Defendants' course of conduct was ill-advised, but it does not appear Defendants acted in bad faith or with the intent to delay or protract proceedings.  The better course certainly would have been for Defendants to meet the applicable deadline and seek relief afterwards.  But Defendants' counsel's concerns about how to address the new Bass affidavit in Defendants' forthcoming motion for summary judgment appears legitimate.  Moreover, Defendants' counsel moved somewhat quickly in trying to address the Bass affidavit.  Defendants' counsel filed an "emergency motion" seeking more time and then sought a telephonic conference with the Court to discuss the Bass affidavit, albeit more than a week after receiving the affidavit and just before the civil motions deadline.

       Granting Defendants' Motion for Reconsideration would cause Plaintiffs no unfair prejudice.  Plaintiffs argue they will suffer prejudice if Defendants are allowed to move for summary judgment now because they (Plaintiffs) previously met a similar deadline in the case.

4

That is not unfair prejudice. Plaintiffs took a different approach when confronted with similar circumstances earlier in the litigation and obtained the relief requested—their motion to strike was granted and Defendants' earlier motion for summary judgment was denied. The fact that Defendants took a different, flawed approach when confronted with similar circumstances does not mean Plaintiffs will suffer any prejudice, much less unfair prejudice. Ultimately, granting Defendants' motion for reconsideration will only result in a short delay in the litigation. Defendants will be permitted to file the same motion for summary judgment they would have filed, and Plaintiffs will have to respond to that motion. This minimal delay does not constitute the sort of prejudice that would warrant denying Defendants an opportunity to move for summary judgment.

Therefore, the Court **GRANTS** Defendants' Motion for Reconsideration. The Court **ORDERS** Defendants to file their motion for summary judgment within 24 hours of this Order if Defendants elect to do so.[1]

**SO ORDERED**, this 26th day of November, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] To be clear, Defendants are not required to file a motion for summary judgment. Defendants should consider whether the Bass affidavit creates a genuine dispute of material fact that would preclude summary judgment. I offer no view on that issue here.